UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

John Curtis Dangerfield
Deborah Spires Dangerfield,

Debtors.

Case No.: 04-13686-W

ORDER

Chapter 13

*FILED AUG 23 2005 — United States Bankruptcy Court, Columbia, South Carolina*

*ENTERED AUG 23 2005 K.E.P.*

THIS MATTER comes before the Court upon the Motion to Vacate Order Confirming Plan ("Motion") filed by Bank of America, N.A. ("Creditor") on July 15, 2005 and the response of Debtors thereto. Based upon the arguments of counsel and the evidence presented by the parties at the hearing on this matter, this Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Debtors' plan of confirmation (the "Plan") was filed on November 16, 2004 and sent certified mail, return receipt requested to Creditor on November 16, 2004. The plan was sent to Creditor at:

Bank of America
Post Office Box 17680
Baltimore, MD  21297-1680

Bank of America
Post Office Box 26059
Greensboro, NC  27420

Bank of America
Post Office Box 5270
Carol Stream, IL  60197-5270

2. Although the green return receipt card was not addressed specifically to an officer or manager, the envelope was stamped "Attention: Officer or Manager" in red.[1]

---

[1] The actual envelope was not produced to the Court, but counsel for Creditor does not dispute Debtors' counsel's assertion that the envelope was addressed to the attention of an officer or manager.

3. The Plan provided for a value of zero dollars ($0.00) to Creditor on its second mortgage based on Debtors' Opinion that the value of the subject property was less than the balance due on the First Mortgage. Creditor also holds the first mortgage on Debtors' real property at issue in this case.

4. Creditor filed four (4) proofs of claim in this case, all of which were filed following service of the Amended Plan. Creditor did not object to the Plan.

5. On April 20, 2005, Debtor filed an amended plan (the "Amended Plan") in order to increase the monthly payment to the Chapter 13 Trustee. The Amended Plan did not change the treatment of Creditor.

6. Creditor filed the Motion on July 15, 2005, requesting that the Court vacate the Order confirming Debtors' Amended Plan pursuant to Federal Rule of Civil Procedures 60(b)(4) and Federal Rule of Bankruptcy Procedure 2002(g). Creditor alleges that neither the Plan nor the Amended Plan were served on Creditor in accordance with Federal Rule of Bankruptcy Procedure 7004(h), in that Debtors did not serve Creditor by certified mail to the attention of an officer of the Creditor.

7. Debtors contend that service of the Plan and the Amended Plan was proper, inasmuch as the Plan was served in compliance with Rule 7004(h) and that the Amended Plan, which did not change the treatment of Creditor, was not required to be served on Creditor pursuant to South Carolina Local Bankruptcy 3015-1.

### CONCLUSIONS OF LAW

To determine whether a plan is *res judicata* as to a creditor that did not object, the Court may look to the content of the notice and the totality of the circumstances. See In re Durham, 260 B.R. 383 (Bankr. D.S.C. 2001) (citing In re Basham 167 B.R. 903, 908 (Bankr. W.D. Mo. 1994)).

See also Deutchman v. IRS (In re Deutchman), 192 F.3d. 457 (4th Cir. 1999); Cen-Pen Corp. v. Hanson, 58 F.3d 89 (4th Cir. 1995); Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160 (4th Cir. 1993).

The Plan was mailed certified mail, return receipt requested directly to Creditor, and the envelope containing the Plan was stamped "Attention: Officer or Manager." Federal Rule of Bankruptcy Procedure 7004(h) requires that service of process on an insured depository institution be made by certified mail addressed to an officer of the institution. The facts of this case show that this rule was complied with.

Creditor argues that pursuant to In re Hamlett, 322 F.3d 342 (4th Cir. 2003), service must actually be effected on an officer or manager of a federal insured depository institution. In Hamlett, the plan was served on a registered agent of the creditor. The Fourth Circuit noted that "Congress apparently determined that requiring service of process by certified mail *and* restricting such service to an "officer" of these institutions" would achieve the goal of granting additional safeguards to depository institutions. Id. at 346. In the matter before the Court, the envelope was addressed to the Creditor, and the envelope was stamped "Attention: *Officer* or Manager," and was sent by certified mail. Accordingly, the facts of Hamlett are distinguishable from those in this case, and Debtors appear to have complied with Rule 7004(h).

Furthermore, Creditor's failure to object to the Plan constitutes acceptance of that Plan. In re Thomas, No. 96-79381, 1997 WL 33343973, at *4 (Bankr. D.S.C. July 11, 1997) (citing cases). Since Creditor was properly served and did not object to the Plan, Creditor was not required to be served with the Amended Plan because the Amended Plan did not propose a treatment for Creditor different from that set forth in the Plan. See 11 U.S.C. § 1323(c); SC LBR 3015-1; Fed. R. Bankr.

P. 3015(g).[2] Creditor is also the holder of the first mortgage on the subject property, is not an unsophisticated lender, and was put on notice that the Plan affected both of its secured claims. See In re Linkous, 990 F.2d at 163. Therefore, inasmuch as Creditor appears to have been properly served pursuant to Rule 7004(h), and considering the totality of the circumstances, it is hereby

**ORDERED** that Bank of America, N.A.'s Motion to Vacate Order Confirming Plan is denied.

**AND IT IS SO ORDERED.**

*/s/ John E. Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
August 23, 2005

---

[2] Accordingly, Creditor's argument that it did not get proper notice of the Amended Plan pursuant to Rule 2002 need not be addressed.